## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 5:20-CV-1433 |
| STEVEN WIBRACHT and ERIN WIBRACHT | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers" or the "Surety"), by and through counsel, respectfully submits this its Original Complaint against Defendants Steven Wibracht and Erin Wibracht, and respectfully state as follows:

### I.
### PARTIES

1.      Travelers Casualty and Surety Company of America is a Connecticut corporation, with it is principal place of business in Hartford, Connecticut, and is authorized to do business in the State of Texas.

2.      Upon information and belief, Steven Wibracht is an individual resident of the State of Texas who may be served with process at 536 E. Borgfeld Drive, San Antonio, Texas 78260, or anywhere else he may be found.

3.      Upon information and belief, Erin Wibracht is an individual resident of the State of Texas who may be served with process at 536 E. Borgfeld Drive, San Antonio, Texas 78260, or anywhere else she may be found.

## II.
## JURISDICTION AND VENUE

4.       This Court possesses original jurisdiction over the Surety's claims under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy is between citizens of different states.

5.       This Court possesses the power to declare the respective rights and other legal relations of the parties as requested herein under 28 U.S.C. § 2201(a).

6.       Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 124(b)(7) and 28 U.S.C. § 1391(b)(1) because one or more of the Defendants reside in the Western District of Texas, San Antonio Division, and all of the Defendants are residents/citizens of the State of Texas.

## III.
## FACTUAL ALLEGATIONS

**A.       The Indemnity Agreement**

7.       On or about April 10, 2013, Steven Wibracht and Erin Wibracht executed an Additional Indemnity Rider, binding them to the terms of the September 16, 2008 General Indemnity Agreement (collectively, the "Indemnity Agreement") executed on behalf of the Surety.

8.       The Indemnity Agreement is attached hereto as ***Exhibit "A"***.

9.       Mr. and Ms. Wibracht are collectively referred to herein as the "Indemnitors".

10.      Under the Indemnity Agreement, the Indemnitors promised to exonerate, indemnify, and keep the Surety indemnified from and against all loss that the Surety has incurred or anticipates that it will incur by reason of issuing the Bonds. Specifically, pursuant to the Indemnity Agreement, the Indemnitors agreed as follows:

> Indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss.

(Indemnity Agreement, ¶ 3).

11.     Under the Indemnity Agreement, the Indemnitors agreed to provide the Surety with unrestricted access to its books and records, "including, but not limited to, books, papers, records, documents, contracts, reports, financial information, accounts and electronically stored information." (Indemnity Agreement, ¶ 10).

12.     To the extent the Surety makes any payments under the Bonds, the Indemnitors further agree "[a]n itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability." (Indemnity Agreement, ¶ 3).

13.     Under the Indemnity Agreement, the joint and several duties and obligations of the Indemnitors extend to any bond issued on behalf of or at the request of any of the Indemnitors.

**B.      The Surety's Loss**

14.     In reliance upon its rights under the Indemnity Agreement, the Surety issued performance and payment bonds on behalf of and/or at the request of one or more of the Indemnitors (collectively the "Bonds" and each a "Bond"). Attached hereto as ***Exhibit "B"*** is a list of the Bonds.

15.     The Surety has received and/or is presently aware of claims totaling $11,417,354.41 plus interest and attorneys' fees on the Bonds (hereinafter referred to as the "Claims"). Additionally, the Surety has incurred an additional $3,241,873.74 in expenses in furtherance of its investigations into and defense of the Claims. The Surety has incurred $651,169.39 of cost due to subrogation of the claims. Accordingly, as of the date of this Complaint, the Surety has incurred losses, excluding expenses and attorney fees, in the amount of $14,008,058.76 ("Incurred Loss").

16.     By virtue of these claims, posting of collateral, and other obligations of the

Indemnitors have been triggered under the Indemnity Agreement.

17.     Despite the Surety's demands, the Indemnitors failed to deposit any collateral with the Surety relative to claims on the Project in violation of the Indemnity Agreement. The Surety filed suit against Steven and Erin Wibracht among other Indemnitors on March 17, 2015 in the Western District of Texas, Cause No. 5:15-CV-200-DAE. Steven and Erin Wibracht filed for chapter 7 Bankruptcy, staying the proceeding against them. Steven Wibracht voluntarily waived a discharge on February 25, 2019 and the bankruptcy court denied Erin Wibracht a discharge on April 5, 2019.

18.     As of the date of this filing, the Indemnitors refuse to do anything to hold the Surety harmless. Because the Indemnitors refuse to post collateral security to the Surety, the Surety will face imminent harm, irreparable injury and will have no adequate remedy at law with respect to reimbursement for any losses under the Bond.

19.     All conditions precedent to recovery by the Surety from the Indemnitors have occurred or have been performed.

## IV.
## CLAIMS FOR RELIEF

### COUNT I

#### *Breach of Indemnity Agreement*

20.     The Surety hereby restates the averments contained in the foregoing Paragraphs of its Complaint as if fully set forth herein.

21.     Indemnitors have failed, delayed, refused, or unable to pay bills or other indebtedness incurred in connection with the project for which the Bonds were issued.

22.     Under Paragraph 5 of the Indemnity Agreement, the Indemnitors are obligated to deposit with the Surety an amount as determined by the Surety sufficient to discharge any Loss or

anticipated Loss in relation to the claims.

23.     To date, the Surety has incurred losses, excluding expenses and attorney fees, in the amount of $14,008,058.76.

24.     Despite the Surety's demands for collateral and indemnity, the Indemnitors have failed and/or refused to deposit any collateral with the Surety or to otherwise pay the Surety an amount sufficient to discharge claims against the Surety from having issued the Bond.

25.     The failure of the Indemnitors to deposit the demanded collateral with the Surety constitutes a breach of Paragraph 5 of the Indemnity Agreement and constitutes a Default under the Indemnity Agreement. The wrongful acts of the Indemnitors constitute independent breaches of the Indemnity Agreement.

26.     Under the Indemnity Agreement, the Indemnitors are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorney's fees, in connection with claims on the Bonds.

27.     The Surety is therefore is entitled to payment by Indemnitors for all of the Surety's loss and expense resulting from issuance of the Bonds.

## <u>COUNT II</u>

### *Common Law Indemnity*

28.     The Surety hereby restates the averments contained in the foregoing Paragraphs of its Complaint as if fully set forth herein.

29.     The Surety has been called upon as a surety for Steven and Erin Wibracht to pay for alleged defaults under the Bonds.

30.     Steven and Erin Wibracht benefitted from the Surety's posting of the Bonds, as Steven and Erin Wibracht could not have performed the contracts for which the Bonds was issued

without the Bonds.

31.     Under the theories of common law indemnity, unjust enrichment, and restitution, the Surety is entitled to payment by Steven and Erin Wibracht for all of the Surety's loss and expense resulting from issuance of the Bonds.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Travelers Casualty and Surety Company of America, respectfully requests that Defendants, Steven Wibracht and Erin Wibracht be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1.     Judgment against Defendants, Steven Wibracht and Erin Wibracht, jointly and severally, in the amount of damages incurred by the Surety;

2.     Judgment against Defendants, Steven Wibracht and Erin Wibracht, jointly and severally, for amounts necessary to exonerate the Surety from all liability asserted against it;

3.     Pre-judgment and post judgment interest at the maximum permissible at law or in equity;

4.     Costs of court; and

5.     Such other and further relief to which the Surety is justly entitled.


Respectfully submitted,

**KREBS FARLEY & DRY, PLLC**

By: */s/ Ryan D. Dry*                              
      Ryan D. Dry
      State Bar No. 24050532
      909 18th Street
      Plano, Texas 75074
      214-737-2517 Telephone
      214-737-2543 Facsimile
      rdry@krebsfarley.com
      ***ATTORNEYS FOR TRAVELERS CASUALTY***
      ***AND SURETY COMPANY OF AMERICA***