UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, *Plaintiff* § § § § § § § § § § | Case No. SA-20-CA-01433-XR |
| v. | |
| STEVEN WIBRACHT, ERIN WIBRACHT, *Defendants* | |

## ORDER

On this date, the Court considered the status of this case. In particular, the Court considered the amount of damages and attorneys' fees to be awarded to Third-Party Plaintiff Steven Wibracht. ECF No. 116.

### BACKGROUND

In 2013, Third-Party Plaintiffs Steven Wibracht and Erin Wibracht allegedly contracted to indemnify Plaintiff Travelers Casualty and Surety Company of America ("Travelers") for losses arising out of Travelers's issuance of certain bonds (the "Bonds"). ECF No. 1 ¶¶ 9–10. Travelers later demanded that the Wibrachts (and other indemnitors not party to this suit) indemnify it for about $14 million in losses arising from the issuance of the Bonds. *Id.* ¶¶ 15, 17. The Wibrachts allegedly refused, resulting in this suit. *Id.* ¶¶ 17–18. Travelers's claims against the Wibrachts ultimately settled. ECF Nos. 68, 116-1.

Meanwhile, the Wibrachts filed a third-party complaint against Michael Padron; Mapco, Inc.; and WPS Group, LLC (the "Third-Party Defendants"). *See* ECF Nos. 25, 47.[1] The Wibrachts

---

[1] The Wibrachts also named James Taylor as a Third-Party Defendant but later dismissed their claims against him with prejudice. *See* ECF Nos. 107, 111.

alleged that, pursuant to certain agreements, these Third-Party Defendants had to indemnify them for Travelers's claims in this suit and for associated litigation expenses. *Id.* The Wibrachts also alleged that the Third-Party Defendants had breached a contractual obligation to "use commercially reasonable efforts to promptly secure the release of [the Wibrachts] from their personal guarantees of" the Bonds (the "Release Provision"). *Id.* ¶ 51.

The Wibrachts moved for summary judgment on their claims against the Third-Party Defendants. ECF No. 85. The Court granted the motion in part and denied it in part. ECF No. 96. It held that the Third-Party Defendants must indemnify Steven for Travelers's claims in this suit and for associated litigation expenses. *See generally id.*; *see also id.* at 9 (noting that the relevant agreement indemnifies Steven for "any 'claim, litigation, investigation or proceeding . . .'"). It also held that the Third-Party Defendants had breached the Release Provision. *Id.* at 13–14. But the Court denied summary judgment as to Erin's claims, finding that the Wibrachts had provided no evidence that Erin was a party to the relevant agreements. *Id.* at 9.

On the Wibrachts' motion, the Court dismissed Erin's claims against the Third-Party Defendants, *see* ECF Nos. 108, 111, and the parties later dismissed the only remaining claim not resolved on summary judgment. ECF No. 112.

The effect of all this is as follows: The remaining parties are Steven and the Third-Party Defendants. The Third-Party Defendants are liable to Steven for their failure to indemnify him and for their failure to "use commercially reasonable efforts to promptly secure" his release from personal guarantees of the Bonds. *See* ECF No. 96. The remaining issue is how much the Third-Party Defendants owe Steven in damages, attorneys' fees, and costs. Steven has provided evidence and briefing on this issue. ECF No. 116. The Third-Party Defendants have not, and their deadline to do so has passed. *See* ECF No. 114.

**DISCUSSION**

Steven's proposed recovery can be split into two primary categories. First, he seeks damages for the Third-Party Defendants' failure to indemnify him for his settlement and litigation expenses regarding Travelers's claims. Second, he seeks attorneys' fees and costs for prosecuting his failure-to-indemnify claims against the Third-Party Defendants.

**I.     Damages**

First, Steven seeks damages for the Third-Party Defendants' failure to indemnify him for his settlement and litigation with Travelers. These damages fall into three categories: (1) what Steven paid to settle the claims, (2) his non-attorney-fee costs to litigate the claims, and (3) his attorneys' fees for defending against the claims.

   a.  Settlement

To start, Steven has provided evidence that he paid $22,000 to settle Travelers's claims against him. ECF No. 116-1. That evidence is unrebutted, and the Court sees no reason to doubt it, especially because Travelers initially sought the much higher sum of $14 million.

   b.  Costs

Next, Steven has provided unrebutted evidence that to defend against Travelers's claims he incurred $5,388.30 in non-attorney-fee costs. ECF No. 116-2 at 2; ECF No. 116-4. The Court sees no reason to limit litigation costs recoverable by contract to those available to prevailing parties by statute. *See United States ex rel King v. Solvay Pharm., Inc.*, 871 F.3d 318, 334–35 (5th Cir. 2017) (describing the limits on recoverable costs for prevailing parties). So Steven is entitled to $5,388.30 in non-attorney-fee costs incurred to defend against Travelers's claims.

c.  <u>Attorneys' Fees for Defending Against Travelers's claims</u>

Steven also seeks $41,982.50 in attorneys' fees expended to defend against Travelers's claims.  To be entitled to attorneys' fees, even under an indemnity clause, Steven must show that the requested fees are reasonable.  *Crimson Expl., Inc. v. Intermarket Mgmt., LLC*, 341 S.W.3d 432, 446 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (reversing a damages award for breach-of-contract claim based on failure to indemnify for attorneys' fees, because plaintiff failed to prove the reasonableness of the claimed attorneys' fees).[2]

"State law controls . . . the . . . reasonableness of fees awarded where state law supplies the rule of decision."  *Keiland Constr., LLC v. Weeks Marine, Inc.*, 109 F.4th 406, 422 (5th Cir. 2024).  Under Texas law, courts generally must use the lodestar method to measure reasonable and necessary attorneys' fees.  *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 497–98 (Tex. 2019) ("[T]he lodestar analysis . . . appl[ies] to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed.").

Under the lodestar test, the "starting point . . . is determining the reasonable hours worked multiplied by a reasonable hourly rate." *Id.* at 498.  The party seeking to recover fees "bears the burden of providing sufficient evidence on both counts." *Id.*  "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.*  The fee agreement between the prevailing party and its attorney is not decisive. *Id.*

---

[2] One basis for this rule in the contractual-indemnity context could be the principle that someone claiming a breach of contract must "mitigate damages if it can do so with 'trifling expense or with reasonable exertions,'" *Atrium Med. Ctr., LP v. Hou. Red C LLC*, 595 S.W.3d 188, 197 n.40 (Tex. 2020) (quoting *Gunn Infiniti, Inc. v. O'Byrne*, 996 S.W.2d 854, 857 (Tex. 1999)).  That is to say, paying unreasonable attorneys' fees might constitute a failure to mitigate.

And "there is a presumption that the base lodestar calculation, when supported by sufficient evidence, reflects the reasonable and necessary attorney's fees." *Id.*

Certain considerations can warrant an enhancement or reduction from the lodestar figure. *Id.* at 499–501. But a fee claimant seeking an enhancement "must produce specific evidence showing that a higher amount is necessary," and, likewise, a party seeking a reduction must "provid[e] specific evidence to overcome the presumptive reasonableness of the base lodestar figure." *Id.* at 501. Here, neither party seeks an adjustment from the lodestar figure, so these considerations are not relevant.

Again, Steven seeks $41,982.50 in attorneys' fees incurred to defend against Travelers's claims. Steven's counsel spent at least 119.95 hours on this defensive work. ECF No. 116–2 ¶ 8; *see* ECF No. 116-4. The Court finds that number of hours reasonable for this fairly complex case involving several parties and potentially very high damages.

The proposed hourly rate is $350 ($41,982.50/119.95 = $350). Steven has provided sufficient evidence that this rate is reasonable. He has provided a declaration in which his counsel attests that the rate is usual and customary for attorneys comparable to Steven's and for cases of this sort in Bexar County. ECF No. 116-2 ¶ 20. Further, in 2019 a Texas State Bar Survey found the median hourly rate for attorneys in the San Antonio-New Braunfels metropolitan area to be $285. *Johnson v. Callanen*, No. SA-22-CV-00409-XR, 2024 WL 1184440, at *4 (W.D. Tex. Mar. 18, 2024) (relying in part on this survey to determine a rate's reasonableness). Adjusted for inflation, that is roughly equivalent to $360 in September 2025.[3] Steven's attorneys have significant experience and managed to settle a potentially $14 million case for $22,000. The Court

---

[3] *See CPI Inflation Calculator*, U.S. BUREAU OF LABOR STATISTICS, https://www.bls.gov/data/inflation_calculator.htm.

5

thus finds that the proposed rate of $350 per hour is reasonable. *See also Interest of S.P.A.T.*, No. 04-25-00074-CV, 2025 WL 2610459, at *8–9 (Tex. App.—San Antonio Sept. 10, 2025, no pet. h.) (affirming attorneys' fees award partially based on an hourly rate of $350).

    d.  <u>Summary</u>

As a result, Steven is entitled to his requested damages of $69,370.80 ($41,982.50 + $22,000.00 + $5,388.30) for settling and defending against Travelers's claims.

## II. Attorneys' Fees for Prosecuting Claims Against the Third-Party Defendants

Steven is also entitled to attorneys' fees for prosecuting his claims against the Third-Party Defendants, because "[a] person may" generally "recover reasonable attorney's fees" for a breach of contract claim in Texas. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8).

In Steven's motion, he requests $40,075.00 in attorneys' fees for prosecuting these claims. ECF No. 116 at 6. But his counsel's declaration says that the "total fee" for prosecution of the claims was $34,737.50. ECF No. 116-2 ¶ 11. The declaration separately states that Steven has incurred an "additional $5,337.50" in reasonable and necessary attorney's fees since April 5, 2024. Because $34,737.50 plus $5,337.50 equals $40,075.00, the declaration's statement that the "total fee" was $34,737.50 was seemingly in error. Rather, that number seems to refer only to fees incurred before April 5, 2024. As such, the Court understands Steven to request $40,075.00.

There is unrebutted evidence that Steven's counsel spent at least 114.5 hours prosecuting Steven's claims against the Third-Party Defendants. ECF No. 116-2 ¶¶ 11; *see* ECF Nos. 116-4, 116-5. The Court again finds this number of hours reasonable. Steven's claims were against several defendants and involved multiple complex contracts. They were pending for years, and they proceeded through discovery and summary judgment. Further, the Third-Party Defendants have not contested Steven's evidence.

The proposed hourly rate for these fees is once again $350 ($40,075/114.25 = $350). As noted above, a 2019 Texas State Bar Survey and a declaration from Steven's counsel support the reasonableness of this rate. So does counsel's substantial experience and the relative complexity of the claims. Thus, the Court finds that this hourly rate is reasonable. As such, Steven is entitled to $40,075.00 in attorneys' fees for the prosecution of his claims against the Third-Party Defendants.

Steven also requests conditional appellate attorneys' fees. "Under Texas law, if a party is entitled to recover attorneys' fees in the trial court, the party is also entitled to attorneys' fees after successfully defending on appeal." *Marrufo v. Couch*, No. 22-50062, 2025 WL 842799, at *3 (5th Cir. Mar. 18, 2025) (quoting *ATOM Instrument Corp. v. Petroleum Analyzer Co.*, 969 F.3d 210, 218 (5th Cir. 2020)). "Although a Texas court of civil appeals will not have jurisdiction to initiate appellate attorneys' fees and so appellate attorneys' fees must be conditionally requested at the trial level, '[t]hose are procedural rules that do not apply in federal court.'" *Id.* (quoting *ATOM Instrument Corp.*, 969 F.3d at 219). Fifth Circuit "'rules provide for appellate litigants to petition [the Fifth Circuit] for appellate attorneys' fees' and do 'not require a party seeking appellate attorneys' fees to first request [them] in the district court as a placeholder." *Id.* (quoting *ATOM Instrument Corp.*, 969 F.3d at 219). As such, the Court declines to award conditional appellate attorneys' fees at this time. *See Penton v. Am. Bankers Ins. Co. of Fla.*, 115 F. App'x 685, 686–87 (5th Cir. 2004) ("A district court's refusal to award appellate attorney's fees before an appeal has even been taken is not error." (Citing *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.,* 334 F.3d 423, 433 (5th Cir.2003)).

7

### III.    Costs for Prosecuting Claims Against the Third-Party Defendants

Finally, Steven requests $1,696.00 in costs associated with prosecuting his claims against the Third-Party Defendants.  "[F]ederal procedural law ordinarily governs the award of costs in diversity cases."  *Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993).  Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should [generally] be allowed to the prevailing party."  *See also Solvay Pharm.*, 871 F.3d at 334.  But "unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. [Section] 1920."  *Johnson*, 2024 WL 1184440, at *6.  That Section provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Steven has not explained what particular costs he is seeking, or how those costs fall within Section 1920.  So the Court will refrain from determining the amount of costs Steven is entitled to at this time.  Nonetheless, Steven is awarded costs and shall file a bill of costs in accordance with the local rules.  *See* Local Rule CV-54.

## CONCLUSION

Third-Party Defendants Michael Padron, Mapco, Inc., and WPS Group, LLC are **ORDERED** to pay Third-Party Plaintiff Steven Wibracht (1) $69,370.80 in damages for failure to indemnify Steven for Travelers's claims against him, (2) $40,075.00 in attorneys' fees for the

prosecution of his claims against the Third-Party Defendants, and (3) costs. Mr. Wibracht shall file a bill of costs in accordance with the local rules.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 10th day of December, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE